UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-2 MARIO FRANCISCO GOMEZ, JR.

    Defendant.

Case No. 15-cr-20087
Honorable Laurie J. Michelson

## ORDER DENYING DEFENDANT'S MOTION FOR BAIL PENDING OUTCOME OF § 2255 MOTION [173]

Following a jury trial, Defendant Mario Francisco Gomez, Jr. was convicted of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. He was sentenced to the statutory minimum of 120-months imprisonment. (ECF No. 153) His conviction and sentence were affirmed on direct appeal. (ECF No. 158.)

Gomez now seeks to vacate his sentence under 28 U.S.C. § 2255, claiming his trial counsel was ineffective in a number of ways. (ECF No. 164.) The Court requested a response from the Government. They have been given additional time due to the trial schedule of the responding assistant United States attorney.[1] (ECF. Nos. 170, 172.) So Gomez has asked for bond pending resolution of his § 2255 motion. (ECF No. 173.)

Gomez's motion identifies the proper legal standard. (ECF No. 173, PageID.1552.) Bond may be appropriate where a petitioner demonstrates "a substantial claim of law based on the facts surrounding the petition" and "the existence of some circumstances making the motion for

---

[1] It is the Court's understanding that the other AUSA who handled the Gomez trial has left the United States Attorney's Office.

bail exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Id*.; *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Thus, "[a] court's power to grant bail in a Section 2255 case should be used sparingly." *Fonseca v. United States*, 129 F. Supp. 2d 1096, 1099 (E.D. Mich. 2001). Providing the Government with a 60-day extension of time to respond to Gomez's motion and Gomez's performance on pre-trial bond, before he was convicted of a major drug offense, are not exceptional circumstances warranting bond pending the resolution of his § 2255 motion.

Accordingly, Gomez's motion for bond (ECF No. 173) is DENIED.

IT IS SO ORDERED.

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE

Date: November 14, 2018

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, November 14, 2018, using the Electronic Court Filing system and/or first-class U.S. mail.

                                            s/William Barkholz
                                            Case Manager